Lisa M. AVAGLIANO, et al., Plaintiffs,

v.

SUMITOMO SHOJI AMERICA,
INC., Defendant.

Palma INCHERCHERA, Plaintiff,

v.

SUMITOMO CORP. OF
AMERICA, Defendant.

Nos. 77 Civ. 5641 (CHT), 82 Civ.
4930 (CHT).

United States District Court,
S.D. New York.

Oct. 9, 1985.

Steel & Bellman, P.C., New York City; Lewis M. Steel, of counsel, for plaintiffs Avagliano, et al. and Incherchera.

Epstein, Becker, Borsody & Green, P.C., New York City; Ronald M. Green, Stanley Futterman, Mark N. Reinharz, and Wender Murase & White, New York City, for defendant Sumitomo Corp. of America.

TENNEY, District Judge.

The plaintiffs brought these actions under 42 U.S.C. § 1981 (1982) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1982), alleging employment discrimination on the part of the defendant, Sumitomo Corporation of America ("Sumitomo"), formerly Sumitomo Shoji America, Inc. The Court certified a national class in these actions in 1984. *See* 103 F.R.D. 562 (S.D.N.Y.1984). The class was certified under Fed.R.Civ.P. ("Rule") 23(b)(2).

In the most recent opinion in this case, the Court held, *inter alia*, that individualized notice and the right to opt out were not mandatory, and therefore denied the defendant's request that such notice be given to all class members. *See Avagliano v. Sumitomo Shoji America, Inc.*, 614 F.Supp. 1397 (S.D.N.Y.1985). The Court did, however, direct the defendant to post notices concerning this litigation in certain locations, using specified language.

The defendant now moves for reconsideration of the Court's opinion in light of the Supreme Court's decision in *Phillips Petroleum Co. v. Shutts*, —— U.S. ——, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Alternatively, the defendant requests permission to mail notices to all class members, advising them of the current litigation. The defendant has agreed to bear the cost of such a mailing. The defendant's motion for reconsideration is denied, but the defendant's request for permission to send notices to all class members is granted.

A. *Motion for Reconsideration*

The *Phillips Petroleum* decision addressed the question of whether a state court had properly exercised personal juris- diction over absent plaintiff class members. In concluding that a state court may exercise jurisdiction over the claims of absent class action members, the Supreme Court held that when a state court "wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection.... The plaintiff must receive notice ... [and] an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." 105 S.Ct. at 2975.

The Supreme Court, however, specifically limited its holding to class actions in which the plaintiffs are seeking to recover wholly or predominately money judgments. *Id.* at n. 3. The *Phillips Petroleum* case did not involve a Rule 23(b)(2) ("(b)(2)") class action where the plaintiffs were seeking equitable relief. Indeed, the Supreme Court stated "We intimate no view concerning other types of class action lawsuits, such as those seeking equitable relief." *Id.*

■ Rule 23(b)(2) was intended for use in civil rights class actions, including employment discrimination cases, where the class is seeking equitable relief. *See Allegheny-Ludlam Indus., Inc.*, 517 F.2d 826, 878 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Where a class has been certified under (b)(2), there is no requirement that notice and the right to opt out be given to class members. *See Frost v. Weinberger*, 515 F.2d 57, 65 (2d Cir.1975), *cert. denied sub nom. Frost v. Mathews*, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 256 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). In the case at bar, the class is a (b)(2) class and the plaintiffs are seeking equitable relief, together with monetary damages for alleged discrimination on the part of the defendant.

■ The defendant contends that class members should be entitled to opt out pur-

suant to the *Phillips Petroleum* decision. The defendant argues that because the plaintiffs are seeking "substantial" damages, their claims should be considered to be predominantly claims for monetary damages. The demand for monetary damages, however, has been characterized as being part of the equitable remedy being sought in employment discrimination cases. "Subsection (b)(2) contemplates class cases seeking equitable injunctive or declaratory relief, and back pay comes within the ambit of (b)(2) because the 'demand for back pay ... is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion.'" *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1152 (11th Cir.1983) (*quoting Johnson v. Georgia Highway Express*, 417 F.2d 1122, 1125 (5th Cir.1969)); *See also Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 256–57 (5th Cir.1974), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979).

The Court is not convinced that the plaintiffs' claims are predominantly claims for monetary damages. Indeed, even the defendant concedes that "[i]t may be impossible to say whether the request for monetary damages 'predominates' over the request for injunctive relief or *vice versa.*" Defendant's Memorandum at 9.

Thus, the *Phillips Petroleum* decision does not alter the Court's prior decision that plaintiffs need not be given the opportunity to opt out of the litigation at this point in the proceedings[1]. Accordingly, the defendant's request for reconsideration of the Court's prior decision is denied.

### B. *Sending Out Notices*

█ Having denied the motion for reconsideration, the Court now turns to the defendant's second request. The defendant asks for permission to mail a notice concerning the current litigation to each class member. The Court hereby authorizes the defendant to make such a mailing.

The defendant states, and the Court agrees, that mailing notices to class members "will insure, so far as practicable, that all plaintiffs will at least be notified of these class actions, and will know with whom they may communicate ... in order to receive further information." Defendant's Memorandum at 15.

In the Court's prior decision, the Court directed the defendant to post notices in specified locations. The defendant now proposes that the mailing be substituted for posting notices. Since the object of providing notice in any form is to advise class members of the current proceedings, the Court concludes that the best course of action is to take both steps. Accordingly, the defendant is directed to post the notices, as well as mailing them.

The defendant has agreed to mail the notices by first class mail, and to bear all costs involved in the mailing. *Id.* The plaintiffs offer no objection to the mailing. *See* Plaintiffs' Memorandum at 7. In response to a request by the plaintiffs, the defendant has agreed to provide the plaintiffs with a copy of the mailing list. *See* Defendant's Reply Memorandum at 8.

In the prior opinion, the Court directed that specific language be used in the notice. Both the defendant and the plaintiffs now propose that the notices should include different language. After carefully reviewing the notice, the Court sees no reason to change the language. Therefore, the notices to be mailed should conform to the Court's prior decision.

### CONCLUSION

The defendant's motion for reconsideration of the Court's prior decision is denied. The defendant's request for permission to mail notices to all class members is granted. The language of the notices will conform to the Court's prior decision, and will supplement, rather than replace, posting of notices.

---

1. If it is ultimately determined—through litigation or settlement—that the plaintiffs are entitled to monetary damages, it may be appropriate to reconsider the plaintiffs' right to opt out at that time. *See Holmes,* 706 F.2d at 1152.

The defendant will bear all costs, and is directed to give the plaintiffs a copy of the mailing list.

So ordered.